[Cite as *Benesch, Friedlander, Coplan & Aronoff, L.L.C. v. Jochum*, 2019-Ohio-2321.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF, L.L.C.,                    :

      Plaintiff-Appellee,                    :

                                 No. 107010

      v.                                     :

TERRI JOCHUM,                                :

      Defendant-Appellant.                   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-864375

---

### *Appearances:*

Daniel A. Friedlander, *for appellee.*

David Lynch,[1] *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Terri Jochum ("Jochum"), appeals from the trial court's decision granting summary judgment in favor of plaintiff-appellee,

---

[1] David Lynch resigned while this appeal was pending and Brian Meister appeared on behalf of appellant.

Benesch, Friedlander, Coplan & Aronoff, L.L.C. ("Benesch"). For the reasons set forth below, we affirm.

{¶ 2} This appeal arises from a collection action filed by Benesch for unpaid legal services rendered to Jochum. Benesch alleges that as of June 15, 2015, Jochum owed it $73,073.54. In response, Jochum filed an answer and counterclaim. Jochum alleged that there was no balance due and counterclaimed Benesch for legal malpractice. Jochum also separately filed a cross-claim against "newly identified defendant Mark Young for legal malpractice." No instructions, however, were ever issued to the clerk to effect service upon Mark Young ("Young").

{¶ 3} After discovery was completed, Benesch moved for summary judgment. Benesch argued that Jochum failed to pay for a variety of legal fees incurred from March 11, 2013 through May 29, 2015, and the last possible date for accrual of any legal malpractice claim was well beyond the one-year statute-of-limitations period.

{¶ 4} Jochum first retained Benesch in August 2012 when she signed an engagement letter with Benesch attorney, Deviani Kuhar ("Kuhar"), for legal services relating to business succession planning matters. Jochum later executed a second engagement letter in February 2013 between Jochum and Young for representation in a lawsuit filed against Jochum in Lake County, Ohio ("Lake County Case"). Young was lead litigation counsel for Jochum for approximately six months (February 4, 2013 through August 16, 2013). At that time, Jochum decided to retain a Lake County based law firm to represent her in the Lake County Case

instead of Young. The Lake County law firm filed a notice of substitution of counsel on August 16, 2013. Pursuant to that substitution of counsel, Benesch provided the legal file to new counsel, and Young had no further contact with Jochum regarding the Lake County Case. In addition, no further legal services were rendered by Young after August 2013.

{¶ 5} In support of its motion, Benesch attached the affidavits of Kuhar and Young to substantiate the legal services it rendered to Jochum. Kuhar stated she substantially reduced the time on her bills. Her work included, on a flat-fee basis, the preparation of an Ohio Legacy Trust, an estate planning vehicle. Young stated that the Lake County Case was a highly contested business dispute, which involved significant litigation activity. The case included a counterclaim brought against Jochum, a motion for temporary restraining order, and significant written discovery.

{¶ 6} Jochum opposed Benesch's motion. The only documentation Jochum included with her opposition was her own affidavit. In her affidavit, Jochum stated that she met with Kuhar sometime in the summer of 2013. According to Jochum, in that meeting, Kuhar apologized to Jochum for the negligent way she had been represented by Benesch. Jochum also averred that Kuhar also told Jochum that she would not be responsible for payment of any further legal fees beyond what had already been paid and referred her to the Lake County law firm for the handling of her Lake County Case.

{¶ 7} The trial court granted Benesch's motion for summary judgment and awarded Benesch $73,073.54, plus court costs and statutory interest from the date of judgment. The trial court also dismissed Jochum's cross-claim against Young for failure to prosecute, noting that there was no service on Young.

{¶ 8} Jochum now appeals, raising the following single assignment of error for review:

### Assignment of Error

The trial court committed error in granting summary judgment when the law firm told [Jochum] that she owed nothing to the firm *because of the firm not performing the services she had contracted for.* (Emphasis sic.)

{¶ 9} Jochum argues that summary judgment was improperly granted because Kuhar told Jochum to obtain a new law firm after Benesch made various mistakes as her attorney, and for that reason, Kuhar told her she did not owe Benesch any money. Jochum maintains that Kuhar identified the specific mistakes as follows: the mishandling of an eviction, a protective order, and a lease, and Young not returning her calls. Jochum claims this evidence contradicts the Benesch affidavits thereby creating an issue of material fact.

{¶ 10} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), the Ohio Supreme Court set forth the appropriate test as follows:

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶ 11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 12} Jochum claims that her defense to liability on the legal fees does not arise from malpractice, but rather from a theory involving negligence or failing to perform adequate legal services. Her argument is unpersuasive.

{¶ 13} Jochum's theory is not consistent with the established principles governing legal malpractice. Any assertion of a negligence claim is necessarily subsumed into a claim for malpractice, which Jochum has disavowed by her own admission that "the issue of malpractice is irrelevant."

{¶ 14} This court has previously held that claims that arise out of an attorney's representation, regardless of the label attached, constitute legal

malpractice claims. *Chernett Wasserman Yarger, L.L.C. v. ComScape Holding, Inc.*, 8th Dist. Cuyahoga No. 100907, 2014-Ohio-4214, ¶ 16, citing *Cleveland COnstr., Inc. v. Roetzel & Andress, L.P.A.*, 8th Dist. Cuyahoga No. 94973, 2011-Ohio-1237, ¶ 24, citing *Ill. Natl. Ins. CO. v. Wiles, Boyle, Burkholder & Bringardner CO., L.P.A.*, 10th Dist. Franklin No. 10AP-290, 2010-Ohio-5872. This includes the failure to perform adequate legal services or even overcharging the client. *Nichter v. Shamansky*, 10th Dist. Franklin No. 14AP-811, 2015-Ohio-1970, ¶ 24.

{¶ 15} In *Estate of Hards v. Walton*, 8th Dist. Cuyahoga No. 93185, 2010-Ohio-3596, ¶ 7, this court noted that the following elements are necessary to establish a cause of action for legal malpractice:

> "(1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages." *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, at ¶ 8, citing *Vahila v. Hall*, 77 Ohio St.3d 421, 427, 1997-Ohio-259, 674 N.E.2d 1164; *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058. The elements of a legal malpractice claim are stated in the conjunctive, and the failure to establish an element of the claim is fatal. *See Williams-Roseman v. Owen* (Sept. 21, 2000), 10th Dist. No. 99AP-871, 2000 Ohio App. LEXIS 4254.

{¶ 16} Benesch acknowledges the first two elements, but the remaining elements failed to be satisfied because Jochum expressly waived any malpractice claim in her appellate brief.[2]

---

[2] Any potential recoupment claim by Jochum is also waived because this affirmative defense was not properly pled in her answer. *Schottenstein v. C.J. Mahan Constr. CO., LLC*, 10th Dist. Franklin No. 08AP-851, 2009-Ohio-3616 (where the defendant's counterclaim in a legal collection action could not be construed to allege recoupment because it was not properly raised as an affirmative defense).

{¶ 17} Moreover, a review of the documentary evidence Benesch included in support of its motion for summary judgment reveals that Jochum failed to establish a legal malpractice claim. An affidavit from Benesch's records custodian, Debra Lacey, validated, as business records, the legal fee invoices, the two engagement letters with Jochum establishing the legal representation terms and conditions of engagement between Benesch and Jochum, and the outstanding unpaid invoices totaling $73,073.54.

{¶ 18} Affidavits by Kuhar and Young verified and included background biographical and experience information for the two attorneys. Both Kuhar and Young stated that the attached invoices were true and accurately reflected the services performed for Jochum. The affidavits discussed the nature of the representation and complexity of the litigation and issues arising from it. Young stated that the cost and expense was exacerbated by the urgency conveyed by Jochum and her insistence, based upon her belief that she was personally at risk, on also pursuing the case through a motion for a temporary restraining order and a preliminary injunction. There was also significant written discovery in the contentious business dispute. Furthermore, Kuhar and Young each confirmed their customary billing rates were consistent with the Benesch billing rates that Jochum agreed to in both engagement letters.

{¶ 19} In contrast, Jochum's affidavit does not address the elements to a legal malpractice claim. In addition, Kuhar's "mistakes" and "negligence" comments lack any legal or factual foundation. There is no evidence the comments

were made within the context of a formal legal standard of care, nor is there any factual foundation to demonstrate that Kuhar could properly address the issues handled in Young's litigation representation. Thus, based on the foregoing, the trial court properly granted summary judgment in favor of Benesch.

{¶ 20} Accordingly, the sole assignment of error is overruled.

{¶ 21} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR